UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMSPHIRE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KOJI GOTO ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> SHALEEN CASSILY GOTO, ) <br> ) <br> Relief Defendant ) <br> ) | Civil Action No. 03-490-JD |

### ORDER TO MODIFY ASSET FREEZE ORDER

The Court having considered Chapter 7 Trustee Steven M. Notinger's ("Bankruptcy Trustee") Third Motion for Partial Modification of the Asset Freeze, and the assent of plaintiff Securities and Exchange Commission's ("SEC") thereto,

IT IS HEREBY ORDERED that paragraphs III and IV of the Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief entered on November 14, 2003 ("Asset Freeze Order") is modified as follows:

1. Non-party Fleet/Bank of America ("Bank of America") is permitted to transfer all of the Debtor's funds currently in its possession, plus any additional funds currently being held for the direct or indirect benefit of Koji Goto, including but not limited to 337 Amherst St. Nashua LLC, Coyote Dog LLC, Epic Investment Capital LLC, JH Business Services LLC, Koji

1042021.1

Goto Tele-Communications LLC, Q-Holdings LLC, and Sigma Online North America LLC, to the Bankruptcy Trustee, together with a cover letter setting forth the title and civil action number of this action, the name of this Court, and specifying that payment is made pursuant to this Order. Immediately upon such transfer, Bank of America shall provide counsel of record for the SEC <u>and any other party-in-interest who claims a lien or attachment upon said funds</u> with photocopies evidencing the payment made to the Bankruptcy Trustee and with the cover letter described in this paragraph. The Bankruptcy Trustee shall deposit the funds into the appropriate escrow account. These funds, together with any interest and income earned thereon, shall be held by the Bankruptcy Trustee pending further order of the Bankruptcy Court, provided however that this order and/or the transfer of the funds to the Bankruptcy Trustee pursuant hereto shall not affect or prejudice the priority or validity of any lien or attachment on the above-mentioned property which liens or attachments shall remain in full force and effect and continue to attach to the funds in order of their priority.

2. The Bankruptcy Trustee is authorized to collect, and upon approval of the Bankruptcy Court as to the terms of any proposed sale, liquidate the Debtor's ownership in 18 shares in DRX Inc., and 13.64 units in CYL Restaurant Holdings LLC. Following the liquidation of the 18 shares in DRX Inc., and 13.64 units in CYL Restaurant Holdings LLC, the Bankruptcy Trustee shall provide counsel of record for the SEC with a summary of the disposition of the Property. The Bankruptcy Trustee shall deposit the liquidation funds into the appropriate escrow account. These funds, together with any interest and income earned thereon, shall be held by the Bankruptcy Trustee pending further order of the Bankruptcy Court, provided however that this order and/or the transfer of the property to the Bankruptcy Trustee pursuant hereto shall not affect or prejudice the priority or validity of any lien or attachment on the

1042021.1

referenced property which liens or attachments shall remain in full force and effect and continue to attach to the property or the proceeds from any sale/liquidation thereof in order of their priority.

3. All other terms and provisions of the Asset Freeze Order shall remain in full force and effect pending further order of this Court.

So ORDERED,

Date: August 22, 2005

Joseph A. DiClerico, Jr.
United States District Judge